**UNITED STATES DISTRICT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROSE PORCENAT,
    Plaintiff,

v.                              CASE NO. 6:23-cv-1788-WWB-RMN

WELLS FARGO BANK, N.A.
    Defendant.
_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff complains herein against Wells Fargo Bank for subjecting her to discrimination based upon her race and retaliating against her after she complained about discrimination. The Plaintiff is seeking relief under the law in excess of $100,000.00 and all other relief that the law permits.

## PARTIES

1. The Plaintiff in this matter Rose Porcenat at all times relevant to this complaint was employed by the Defendant as a Registered Relationship Banker.

2. The Defendant Wells Fargo Bank is a commercial bank that has offices in Orange County Florida.

## JURISDICTION

3. The Court's jurisdiction in this matter is predicated upon Article III of the United States Constitution and Section 1981 of the Civil Rights Act of 1866.

4. Prior to commencing this action, the Plaintiff satisfied all conditions precedent prior to filing the instant complaint. Specifically, she timely filed an EEOC Charge with the Regional EEOC office located in Miami Florida.

## **FACTUAL ALLEGATIONS**

5. At all times relevant to this complaint Plaintiff was employed by Defendant as a Registered Relationship Banker.

6. Plaintiff was hired by Defendant to work as a Relationship Banker at one of its Orlando, Florida branch offices.

7. The Plaintiff is a Black female.

8. Throughout her employment with Wells Fargo the Plaintiff applied for various promotional opportunities that were announced online within the company. She only applied for the positions that she was qualified to perform. Each time that she applied she was not selected.

9. In 2020 she applied for a vacant Premier Banking position. She interviewed for the position but she was not selected.  She was qualified to perform the Premier Banker position, however, the position was given to a non-Black person who was less qualified than her.

10. In 2020 the Plaintiff also applied for an Escelation Specialist position that was announced online within the company. The Escelation Specialist position was a problem solving position performed out of the view of the general public who walked into the bank. The position, as it suggests, involved handling problems regular branch staff were incapable of resolving. The Plaintiff met the minimum qualifications of the position. In fact, she was the most qualified for the position but she did not receive the job.

11. The Escelation position was given to Luciana Amber. Luciana Amber is a Hispanic female.

12. Later in 2020, the Plaintiff applied for a Business Banker position which was also announced online within the company. She met the stated qualifications of the position but again did she did not receive the position. The position was given to a non-Black person.

13. On August 17, 2021, the Plaintiff spoke to the Wells Fargo Internal Investigator to provide him with details related to a discrimination complaint that she made to the District Manager earlier.

14. In her original complaint, the Plaintiff indicated she believed that she was being subjected to discrimination because of her race and her national origin. Specifically, the Plaintiff listed the names of individuals that she believed were discriminating against her as District Manager, Brian Cicotelli, Branch Manager, Andre Brink and Premier Banker Elizabeth Gonzalez.

15. On November 18, 2021, the Plaintiff received a Confirmation Memo, regarding her complaints and her related EAP Case No. 527374. The memo confirmed that she had made a complaint about discrimination but it did not outline the actions the company intended to take to remedy the problem.

16. The company allegedly investigated the Plaintiff's complaints of discrimination. However, it took no action to remedy the concerns that the Plaintiff raised in her complaint.

17. After the Plaintiff complained about discrimination she was transferred to different branches repeatedly. She did not ask to be transferred to the different locations. She started at the Daniels Street branch in Winter Garden, Florida. Next, she

was transferred to the Dillard Street branch which is also in Winter Garden, Florida.

18. Following this, the Plaintiff was transferred to the Orange Avenue branch in downtown Orlando. Finally, she was transferred again to the Bumby Avenue branch in East Orlando. The Branch Manager at the Orange Avenue location was Petar Sovilj. Sovilj was a close friend of Andrew Brink. He was aware that the Plaintiff filed a discrimination complaint naming Brink as one of the individuals who was discriminating against him. Sovilj was not unhappy about the fact that the Plaintiff made a discrimination complaint against his close friend Andrew Brink.

19. Each time she was moved she was forced to establish relationships with a new set of clients. This, starting and stopping and interruption of banking relationships with prime customers was antithetical to the role the company articulated for the Registered Relationship Bankers.

20. In March of 2022, the Plaintiff received an annual performance evaluation. Given that she had been transferred multiple times she was concerned about who the appropriate person should be to perform her annual rating.

21. The company settled upon Petar Sovilj, the Branch Manager of the Orange Avenue branch. Prior to making a complaint about discrimination the Plaintiff received favorable employee evaluations. Defendant rated employees on a numerical scale between 1-and 5. Typically, the Plaintiff received a rating that made her eligible for a performance bonus.

22. After the Plaintiff complained she received an unfair performance rating that was inconsistent with her performance during the rating period. The lowered performance rating made her ineligible to receive a performance bonus. It also affected her ability to be promoted in the future. Furthermore, upper-level managers usually reviewed an employee's annual performance evaluations when he/she was being considered for a promotion. Thus, the unfair and inaccurate performance evaluation negatively affected her chance to advance within the company.

## COUNT I RETALIATION IN VIOLATION OF
## SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866

23. The Plaintiff incorporates the allegations contained in paragraphs 1-22 as though they are fully stated herein.

24. The Plaintiff participated in protected activity when she complained about what she believed was unlawful discrimination as discussed in paragraphs 13-17 of this complaint.

25. After the Plaintiff complained about being subjected to discrimination related to her race, she was subjected to retaliation.

26. Specifically, she was transferred repeatedly to various branches around Central Florida without requesting to be moved. Each move interrupted the customer relationships that she previously established with higher end customers which was contrary to the job that she was hired to perform by the Defendant. At all times relevant to this complaint, the Plaintiff was a Registered Relationship Banker.

27. After the Plaintiff complained about discrimination she repeatedly applied for various positions that represented promotional opportunities or opportunities to

advance her professional career within the company. In total, the Plaintiff applied for approximately fifty open positions that were announced within the company between the years 2019 and 2022. All of the positions were either Banker positions, Personal Banker positions or customer service-related positions. Most, if not all of the positions, were listed in the Defendant's internal online job posting system. The Plaintiff applied for the different positions online. The company has electronic records for each of the positions that she applied to. In all but one or two instances, she did not receive an interview for those positions.

28. The Plaintiff has a specific recollection of the three positions she applied for which are discussed in Paragraphs 9-12 of this complaint.

29. Additionally, after the Plaintiff complained to the District Manager and the matter was allegedly investigated, the Plaintiff received an unfavorable annual performance evaluation which departed from her typical pattern of ratings. Because of the negative performance evaluation the Plaintiff did not receive the customary performance bonus she received in the past.

30. There is a causal link between Plaintiff's participation in protected activity and the Retaliatory acts committed by the Defendant after she complained. Several of the aforementioned adverse events occurred within close proximity of her complaining about discrimination and some of the individuals the Plaintiff complained about also, were a part of the decision-making process with respect to promotions that she was denied and the decision to repeatedly transfer her all across Central Florida.

31. A reasonable Registered Relationship Banker subjected to the actions that the Plaintiff encountered after she complained would have been dissuaded from participating in protected activity in the future.

### COUNT II DISPARATE TREATMENT BECAUSE OF RACE IN VIOLATION OF SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866.

32. The Plaintiff incorporates by reference as though fully stated herein the allegations contained in paragraphs 1-22.

33. The Plaintiff is in a protected class, to wit she is a Black female.

34. The Plaintiff was qualified to perform the duties of Registered Relationship Banker, Premier Banker and Escelation Specialist. She was also qualified to perform the duties of each position that she applied for within the company but did not receive.

35. Defendant committed various adverse actions against Plaintiff. These actions were committed against the Plaintiff because of her race which is Black.

36. The Plaintiff applied for numerous promotional opportunities as more specifically discussed in paragraphs 9-12 and Paragraph 27 of this complaint. Each time she applied for these positions she was denied the job. Each time, non-Black persons were given promotional opportunities that she was denied.

37. In March of 2022, Defendant further discriminated against Plaintiff when Branch Manager Petar Sovilj gave Plaintiff an inaccurate and unfair annual performance evaluation. The lowered rating departed sharply from the Plaintiff's typical annual performance ratings.

38. Defendant knew that the lowered annual performance evaluation rendered the Plaintiff ineligible to receive a financial bonus.  By contrast, Plaintiff's non-Black

7

colleagues were given accurate annual performance evaluations in 2022, which made them eligible to receive financial performance bonuses. Upon information and belief the Plaintiff's non-Black colleagues received Performance Bonuses related to their annual performance evaluations.

## RELIEF SOUGHT

The Plaintiff is seeking compensatory compensation for loss of income, with respect to the positions that she applied for but was not accepted. The Plaintiff is also seeking compensation for emotional pain and anguish and for loss of enjoyment of life. Additionally, The Plaintiff is also seeking reasonable attorney fees and costs for commencing and maintaining this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May 2024, a true and correct copy of the foregoing was filed using the CM/ECF filing system and a copy furnished to: Michael E. Bonner, Esquire, Fisher & Phillips, LLP, 201 E. Las Olas Boulevard, Suite 1700, Ft. Lauderdale, Florida 33301, mbonner@fisherphillips.com

/s/*Jerry Girley*
Jerry Girley, Esquire
Florida Bar No. 35771
The Girley Law Firm, PA
117 E. Marks Street, Suite A
Orlando, FL 32803
Tel: (407) 540-9866
Fax: (407) 540-9867
phyllis@thegirleylawfirm.com